J-A28012-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| LAMAR OGELSBY | |
| Appellant | No. 3048 EDA 2013 |

Appeal from the Judgment of Sentence of June 18, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-0005339-2012

BEFORE:  GANTMAN, J., WECHT, J., and JENKINS, J.

CONCURRING MEMORANDUM BY WECHT, J.:  **FILED NOVEMBER 25, 2014**

Although the prosecutor in this case engaged in questionable behavior at times, I agree with the learned Majority that Appellant is not entitled to relief.  I write separately because I respectfully disagree with the Majority's analysis concerning Appellant's claim that the prosecutor committed misconduct by referring to him as a "megalomaniac" and a "sheep in wolf's clothing."

When the prosecutor made these statements during closing arguments, Appellant's counsel immediately objected.  The trial court sustained the objection, and rightfully so.  Appellant does not challenge the trial court's ruling, obviously.  Rather, Appellant contends that, even with the trial court's favorable ruling, the prosecutor's remarks, when considered

in conjunction with the prosecutor's other alleged acts of misconduct, impeded the jury's ability to render a fair and impartial verdict.

Nonetheless, the Majority exceeds the scope of Appellant's limited argument, and evaluates the merits of the trial court's ruling on the statements made by the prosecutor during closing arguments. The Majority concludes that "the prosecutor's comments were a fair response to Appellant's testimony," and that they amounted to nothing more than "oratorical flair." *See* Maj. Mem. at 21. In essence, the Majority answers a question that was not presented by Appellant's argument. I think it unwise in these circumstances to extend our analysis beyond that which is necessary to resolve the argument presented by Appellant.

In my view, the trial court properly sustained the objection. Regardless, that is not the question posed to this Court. On this issue, I would emphasize that the trial properly sustained the objection and hold, as the Majority wisely did throughout its otherwise well-reasoned memorandum, that Appellant ultimately cannot demonstrate that the prosecutor's actions had the unavoidable effect of depriving Appellant of a fair trial.

I join the Majority's memorandum in all other respects.